UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAURICE JEFFERSON,

v.                                 Case No. 8:14-cv-27-T-33MAP
                                         8:09-cr-484-T-33MAP
UNITED STATES OF AMERICA.
_____/

## ORDER

This matter comes before the Court pursuant to Defendant Maurice Jefferson's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. # 1), filed on January 6, 2014. On January 23, 2014, the Government filed a Response in Opposition to the Motion. (Doc. # 5). Jefferson then filed a Reply in support of his § 2255 Motion on April 16, 2014. (Doc. # 10). The Government filed a Sur Reply on April 23, 2014. (Doc. # 12). A review of the record demonstrates that, for the following reasons, Jefferson's Motion must be denied.

Furthermore, pursuant to Rule 8(a) of the Rules Governing § 2255 Proceedings, this Court has determined that an evidentiary hearing is not necessary for the adjudication of this § 2255 Motion. No hearing is required when the record establishes conclusively that a § 2255 motion lacks merit. United States v. Lagrone, 727 F.2d 1037, 1038 (11th Cir.

1984). Furthermore, "A district court need not conduct an evidentiary hearing 'where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous.'" Pericles v. United States, 12-14505, 2014 WL 2198514, at *4, n.4 (11th Cir. March 28, 2014)(citing Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002)).

## **PROCEDURAL HISTORY**

On October 21, 2009, the grand jury returned an indictment against Jefferson for conspiring to possess with the intent to distribute heroin, in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 841(b)(1)(C). (CR Doc. # 1). The indictment also charged Jefferson with eight counts of distributing heroin, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), and 18 U.S.C. § 2. (Id.).

Pursuant to a written plea agreement (CR Doc. # 50), Jefferson pled guilty to the first count before Magistrate Judge Mark Pizzo on January 27, 2010. In his plea agreement, Jefferson agreed to plead guilty to conspiring to possess heroin with intent to distribute, and the United States agreed (among other things) to dismiss the remaining counts against Jefferson, to recommend a guidelines-range sentence, and to not oppose Jefferson's request for a sentence at the low end of the guidelines-range. (Id. at 2-4). Jefferson's plea

2

agreement also included a provision waiving his right to appeal as well as his right to collaterally attack the sentence. (Id. at 12). On February 1, 2010, this Court accepted Jefferson's guilty plea and adjudicated him guilty as to count one of the indictment. (CR Doc. # 63).

The United States Probation Office determined that Jefferson qualified as a career offender pursuant to U.S.S.G. § 4B1.1, providing that the "offense of conviction is a controlled substance offense, and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." (PSR at ¶ 72). Jefferson's two qualifying convictions include "Resist Arrest with Violence," in violation of Fla. Stat. § 843.01 (PSR at ¶ 93), and "Possession of Cocaine with Intent to Sell," in violation of Fla. Stat. § 893.13 (PSR at ¶ 91).

At the first sentencing hearing, held July 28, 2010, Jefferson argued that his prior conviction under Fla. Stat. § 843.01 for resisting an officer with violence should not qualify as a predicate conviction required for the career offender enhancement. (CR Doc. # 300). Jefferson's counsel, Cimos Angelis, Esq., argued that "the charge of resisting arrest with violence . . . in the State Court can be accomplished through conduct which would not be . . .

3

considered overtly violent or physical force . . . under the career offender guidelines." (Id. at 6). Attorney Angelis further argued that the statute requires only a "general intent of . . . resisting the officer" and went on to state that the issue becomes whether Jefferson's conduct is "the type of force that is contemplated to be punished under the career offender guidelines." (Id. at 9). The Court noted that it appeared that Jefferson's conviction constituted a crime of violence, but continued the hearing to allow time to examine the issue more closely. (Id. at 20-25).

Before the sentencing hearing resumed, the Eleventh Circuit decided in United States v. Nix, 628 F.3d 1341, 1342 (11th Cir. 2010), cert. denied, 132 S.Ct. 258 (2011), that the Florida offense of resisting an officer with violence is a violent felony under a similar residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e). (In Nix, the Eleventh Circuit adopted the holding of United States v. Hayes, 2010 WL 3489973, opinion vacated on reh'g by 409 F. App'x 277, 2010 WL 5122587 (11th Cir. Dec. 16, 2010).)

When the sentencing hearing resumed on January 24, 2011, Attorney Angelis acknowledged the Nix decision but, in an effort "to preserve that issue," argued that Nix was incorrect. (Doc. # 301 at 6-7, 22). The Court overruled

4

Jefferson's objection, determined that resisting an officer with violence is a crime of violence, and calculated Jefferson's guidelines range using the career offender enhancement. (Id. at 23-24).

Attorney Angelis further asked the Court to allow Jefferson to "withdraw from the plea agreement . . . at least as to the . . . appeal waiver." (Id. at 41). The Court granted this request, stressing that "[u]nder these very, very unique set of circumstances, I'm going to release him from his appeal waiver." (Id. at 44). Finally, rejecting Jefferson's request for a downward departure or variance, the Court sentenced Jefferson to serve 151 months imprisonment and three years of supervised release. (Id. at 46).

Jefferson appealed his conviction and sentence, arguing that "(1) he should be allowed to withdraw his plea, (2) he does not qualify for the career offender enhancement, and (3) the career offender enhancement's residual clause is unconstitutionally vague." (CR Doc. # 330 at 2). The Eleventh Circuit subsequently affirmed Jefferson's conviction and sentence. (Id.). The Supreme Court then denied Jefferson's petition for writ of certiorari on January 7, 2013. See Jefferson v. United States, 133 S.Ct. 894 (2013). Thereafter,

5

on May 20, 2013, Jefferson timely filed the instant § 2255 Motion. (Doc. # 1).

## **COGNIZABILITY**

In the present § 2255 Motion, Jefferson challenges his sentence as unconstitutional based on his receiving ineffective assistance of counsel.[1] Ineffective assistance claims are generally cognizable under 28 U.S.C. § 2255. See Lynn v. United States, 365 F.3d 1225, 1234 n. 17 (11th Cir. 2004)(ineffective assistance claims should be decided in section 2255 proceedings).

## **INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD**

Ineffective assistance of counsel claims are grounded in the Sixth Amendment right to counsel. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). The question for an ineffective assistance of counsel claim is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 688 (1984);

---

[1] Jefferson does not distinguish between trial and appellate counsel in his § 2255 Motion (See Doc. # 1). However, Jefferson references both in his Reply (Doc. # 10 at 10): "Had Counsel made the appropriate objections at sentencing [Attorney Angelis] and on Appeal [Attorney Erik W. Scharf], perhaps, it would have been the Petitioner's case decided by the Supreme Court instead of Descamps'."

6

see also Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1984). In order to establish a claim for ineffective assistance of counsel, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) he was prejudiced by constitutionally deficient representation. Strickland, 466 U.S. at 687-688.

The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. Devier v. Zant, 3 F.3d 1445, 1450 (11th Cir. 1993). For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. See Strickland, 466 U.S. at 690. Judicial scrutiny of counsel's performance must be highly deferential, and courts "must avoid second-guessing counsel's performance." Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. (quoting Strickland, 466 U.S. at 689). The defendant's burden in this regard, though not insurmountable, is a heavy one. See Chandler, 218 F.3d at 1314. For a petitioner to show deficient

7

performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315.

To demonstrate prejudice, the petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage," infecting his case with "errors of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986)(quoting United States v. Frady, 456 U.S. 142, 170 (1982)). A reasonable probability is a probability sufficient to undermine confidence in the outcome. Rolling v. Crosby, 438 F.3d 1296, 1300 (11th Cir. 2006). If the defendant fails to show that he was prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. Strickland, 466 U.S. at 697; Tafero v. Wainwright, 796 F.2d 1314, 1319 (11th Cir. 1986).

Moreover, "[t]he reasonableness of a counsel's performance is an objective inquiry." Chandler, 218 F.3d at 1315. To uphold a lawyer's strategy, a court "need not attempt to divine the lawyer's mental processes underlying the strategy." Id. at 1315 n.16.

Furthermore, "[n]o absolute rules dictate what is reasonable performance for lawyers." Id. at 1317. Further,

vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991). Such bare, conclusory claims of ineffective assistance of counsel, which contradict the existing record and are unsupported by affidavits or other indicia of reliability, are insufficient to require a hearing or further consideration. Ferguson v. United States, 699 F.2d 1071 (11th Cir. 1983).

## DISCUSSION OF JFFFERSON'S CLAIMS

Jefferson raises two claims, both based on the two predicate offenses underlying his career criminal status pursuant to U.S.S.G. § 4B1.1. Specifically, those predicate offenses are his convictions for "Resist Arrest with Violence," in violation of Fla. Stat. § 843.01, and "Possession of Cocaine with Intent to Sell", in violation of Fla. Stat. § 893.13. Jefferson's first claim concerns the classification of his Fla. Stat. § 843.01 conviction as a "crime of violence" under the career offender guideline of U.S.S.G. § 4B1.1. Jefferson's second claim similarly concerns the classification of his Fla. Stat. § 893.13 conviction, but it also raises the issue of ineffective assistance of counsel. The Court will address each claim in turn.

**I.   Fla. Stat. § 843.01**

Jefferson asserts that, pursuant to the Supreme Court's decisions in Johnson v. United States, 130 S.Ct. 1265 (2010), and Descamps v. United States, 133 S.Ct. 2276 (2013), he was "erroneously classified as a career offender" (Doc. # 1 at 3). Specifically, Jefferson contends that Fla. Stat. § 843.01 does not constitute a "crime of violence" under the career offender guideline of U.S.S.G. § 4B1.1. Jefferson also relies on the Eleventh Circuit's decision in Spencer v. United States, 727 F.3d 1076, 1080 (11th Cir. 2013), reh'g en banc granted, opinion vacated (Mar. 7, 2014). For the reasons that follow, the Court finds that Jefferson's first claim is not cognizable under § 2255.

First, this Court notes that Jefferson's challenge to the use of his conviction for resisting an officer with violence as a career offender predicate was resolved on appeal. The Eleventh Circuit held that it was bound by its decision in Nix and, therefore, a violation of Fla. Stat. § 843.01 constitutes a crime of violence for purposes of the residual clause under U.S.S.G. § 4B1.2. (Doc. # 330 3-4). Therefore, Jefferson is procedurally barred from re-litigating a claim that he has raised on direct appeal, in his § 2255 Motion. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) ("[O]nce a matter has been decided

10

adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under § 2255."). Jefferson cannot re-open his sentencing claim by recasting it as an ineffective assistance of counsel claim under § 2255. See Nyhuis, 211 F.3d at 1343.

Second, even if Jefferson's claim were not procedurally barred, sentencing guidelines decisions ordinarily are not subject to collateral attack in a § 2255 motion. See Burke v. United States, 152 F.3d 1329, 1332 (11th Cir. 1998) (holding that "nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure" (internal citations omitted)). In the now-vacated Spencer opinion, the Eleventh Circuit held that "a defendant who unsuccessfully raised a career offender issue at both sentencing and on direct appeal can use a timely-filed first motion under 28 U.S.C. § 2255 to pursue the same issue when an intervening case from the Supreme Court validates his argument and applies retroactively." 727 F.3d at 1080.

Jefferson does not benefit from that decision because there is no intervening change in the controlling case law

11

that would impact Jefferson's enhancement as a career offender. The decision in Johnson v. United States, 130 S.Ct. 1265 (2010), was available to the Court at the time of Jefferson's sentencing and is therefore not applicable to the present analysis. Jefferson's reliance on Descamps v. United States, 133 S.Ct. 2276 (2013), is similarly misplaced, because that decision is not retroactive. See id. The Supreme Court has stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it be retroactive." Tyler v. Cain, 533 U.S. 656, 653 (2001).

Further, regardless of whether it has retroactive effect, Descamps is not applicable to Jefferson's case, because Fla. Stat. § 843.01 qualifies as a "crime of violence" under U.S.S.G. § 4B1.2 using a categorical approach. Fla. Stat. § 843.01 prohibits "knowingly and willfully resist[ing], obstruct[ing], or oppos[ing] any officer . . . by offering or doing violence to the person of such officer." As discussed above, the Eleventh Circuit held in Nix that the Florida offense of resisting an officer with violence is a violent felony under a similar residual clause of the Armed Career Criminal Act. 18 U.S.C. § 924(e). 628 F.3d at 1342. In doing so, the Eleventh Circuit expressly adopted its decision in Hayes, where it relied on the categorical approach and

found that the Florida statute, by its terms, requires resisting arrest with purposeful violence and aggression. 409 F. App'x at 279. The Eleventh Circuit further stated "[c]ommon sense tells us emphatically that [t]he act of resisting arrest . . . creat[es] the potential for serious physical injury to the officer and others." Id. (citations omitted). Therefore, the Court finds that Jefferson's first claim is not cognizable under § 2255.

## II. Fla. Stat. § 893.13(1)

The second part of Jefferson's Motion raises claims pertaining to his conviction under Fla. Stat. § 893.13(1)(a), which provides that "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Jefferson argues that "counsel provided ineffective assistance of counsel when allowing Petitioner's Fifth Amendment due process rights to be violated when the District Court used Petitioner's prior Fla. Stat. § 893.13 conviction as a 'controlled substance offense' to fit within the narrow definition in § 4B1.2." (Doc. # 1 at 11). Upon consideration, the Court finds that Jefferson's second claim does not present a defect that is cognizable under § 2255 for two reasons.

First, Jefferson's claim pertaining to his conviction under Fla. Stat. § 893.13(1)(a) is procedurally defaulted. "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). "Once the defendant's chance to appeal has been waived or exhausted," courts "are entitled to presume that [the defendant] stands fairly and finally convicted." Id. at 164. As a result, claims that previously were available yet were not raised in a prior proceeding are procedurally defaulted and ordinarily are barred from consideration on collateral review. Bousley v. United States, 523 U.S. 614, 622-24 (1998).

Jefferson failed to argue either at sentencing or on direct appeal that his conviction for possession of cocaine with intent to sell was not a qualifying "controlled substance offense" for the career offender enhancement. (CR Doc. # 300 at 6-21; CR Doc. # 301 at 4-14, 24-26; CR Doc. # 330). Accordingly, he has procedurally defaulted his challenge to that conviction.

The Court further notes that the exceptions to procedural default do not apply to the present case. The only exceptions to the procedural default rule are: "(1) for cause and prejudice, or (2) for miscarriage of justice, or actual innocence." McKay v. United States, 657 F.3d 1190, 1996 (11th

14

Cir. 2011), cert. denied, 133 S.Ct. 112 (2012). Jefferson does not suggest that either exception applies to him (See Doc. ## 1, 10).

Second, to the extent that Jefferson attempts to attribute the procedural default to the ineffective assistance of counsel, Jefferson is likewise unsuccessful. Jefferson argues that his claim is procedurally defaulted due to the ineffective assistance of counsel he received at both the sentencing and appellate stages. (Doc. # 10 at 10). As discussed above, to prevail on a claim of ineffective assistance of trial or appellate counsel, Jefferson must meet the two-part test set forth in Strickland, 466 U.S. at 687. Strickland's two-part test requires a defendant to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component Strickland, 466 U.S. at 697; Tafero v. Wainwright, 796 F.2d 1314, 1319 (11th Cir. 1986).

Here, Jefferson failed to demonstrate that he suffered any prejudice by his counsel's failure to challenge the use

15

of his conviction under Fla. Stat. § 893.13(1)(a) as a predicate conviction under the career criminal guideline. At the time of the sentencing, as now, Eleventh Circuit precedent held that a violation of Fla. Stat. § 893.13(1)(a) qualifies as a controlled substance offense, as the term is defined in U.S.S.G. § 4B1.2. United States v. Smith, 522 F. App'x 564, 566 (11th Cir. 2013).

Jefferson's claim also concerns the fact that there is no "mens rea element in Fla. Stat. § 893.13" (Doc. # 1 at 17). However, the Eleventh Circuit has found that "neither the statutory language of the sentencing guidelines nor our case law requires that a 'controlled substance offense' be one in which the defendant had knowledge of the illicit nature of the substance." Smith, 522 F. App'x at 566. Because Jefferson was convicted of possession of cocaine with intent to sell, the offense qualifies under § 4B1.2, regardless of counsel's advocacy. Consequently, Jefferson fails to meet the prejudice prong of the Strickland test. Therefore, Jefferson's counsel was not ineffective.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Jefferson's Motion under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. # 1; CR Doc. # 372) is **DENIED**.

(2) The Clerk is directed to enter judgment against Jefferson and to close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability because Jefferson has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 1915(a)(3). Jefferson shall be required to pay the full amount of the appellate filing fee pursuant to § 1915(b)(1) and (2).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, on this 29th day of August, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record
Jefferson