UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


MAURICE JEFFERSON,

v.                                        Case No. 8:14-cv-27-T-33MAP
                                                   8:09-cr-484-T-33MAP

UNITED STATES OF AMERICA.
_____/


                              ORDER

     This cause is before the Court on Jefferson's Motion for

Reconsideration Pursuant to Rule 59(e) of this Court's Order

dismissing his 28 U.S.C. § 2255 Motion To Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody, filed on September

15, 2014. (Doc. # 19).

                            DISCUSSION

     A Rule 59(e) motion to alter or amend is an extraordinary

request seeking a drastic remedy; once issues have been carefully

considered and determined, the power to reconsider "must of

necessity be used sparingly." Taylor Woodrow Constr. Corp. v.

Sarasota/Manatee Airport Auth., 914 F. Supp. 1072 (M.D. Fla. 1993);

see Booker v. Singletary, 90 F.3d 440 (11th Cir. 1996). The relief

sought should only be granted where there has been a change in the

legal or factual underpinnings for the decision. Case law is clear

in establishing that such a motion "is discretionary and need not

be granted unless the district court finds that there is an

intervening change of controlling law, the availability of new

evidence, or the need to correct a clear error or prevent manifest injustice." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

These conditions for reconsideration have not been satisfied in this case.  Rather than offering new facts or law which could not have been presented earlier, Jefferson has merely rehashed his prior arguments, expressing disagreement with this Court's conclusions and suggesting that this Court overlooked or misapprehended his claims.  Such relitigation is not appropriate in a postjudgment motion.  Forsythe v. Saudi Arabian Airlines Corp., 885 F.2d 285, 289 (5th Cir. 1989).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Jefferson's Motion for Reconsideration Pursuant to Rule 59(e) (Doc. # 19) is denied.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

The Court declines to issue a certificate of appealability because Jefferson has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Jefferson to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Jefferson shall be required to pay the full amount of the appellate filing fee

pursuant to § 1915(b)(1) and (2).

    **DONE** and **ORDERED** in Chambers, in Tampa, Florida, on this <u>22nd</u>

day of September, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record
Jefferson